UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01074-MSK

COOSEMANS DENVER, INC.,

    Plaintiff,

v.

RED TOMATO SPECIALTY PRODUCE, INC., and
JESSICA LIOTTA,

    Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order **(# 2)**.

The Plaintiff, a corporation engaged in the business of selling wholesale quantities of agricultural produce, commenced this action on May 21, 2008, alleging several claims arising under the Perishable Agricultural Commodities Act ("the Act"), 7 U.S.C. § 499a *et seq.* The Act provides that, among other things, it is unlawful for a wholesale purchaser of produce to "fail or refuse truly and correctly to account and may full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had." 7 U.S.C. § 499b(4). Noting that the failure to make prompt payment on wholesale purchases of produce constitute a "burden on commerce," the Act further provides that the produce itself, all "inventories of food or other products derived from perishable agricultural commodities," and "any receivables or proceeds from the sale of such products" belonging to the buyer are deemed to be held in trust

1

for the benefit of unpaid sellers. 7 U.S.C. § 499e(c)(2). The failure of a buyer to maintain the trust is itself a violation of the Act. 7 U.S.C. § 499b(4).

The Plaintiff's Complaint alleges that between August 29, 2007 and May 10, 2008, it made deliveries of $86,205.65 in produce covered by the Act to the Defendants. It alleges that the Defendants have failed to pay for the produce, and that the Defendants have notified the Plaintiff that they ceased business activities on May 10, 2008. The Complaint asserts 5 claims: (i) failure to pay over trust funds under the Act; (ii) failure to pay for the goods sold; (iii) unlawful disposition of trust assets by Defendant Liotta; (iv) breach of a personal guarantee of Defendant Red Tomato's debts by Defendant Liotta; and (v) a claim for interest and attorney's fees under the Act.

The Plaintiff moves for a temporary restraining order (**# 2**) and preliminary injunction **(#3)**, arguing that the Defendants' failure to make payment and cessation of operations necessarily indicates that the Defendants have not maintained sufficient asserts in the trust to pay for the produce received from the Plaintiff, and that trust assets will be further dissipated unless injunctive relief is authorized. The Plaintiff's application is supported by an affidavit from James Macek, the Plaintiff's President, who verifies that the sales were made under the terms of the Act, that payment remains outstanding, and that Defendant Liotta advised him that the Defendants were ceasing business operations as of May 10, 2008.[1] Mr. Macek states that the Defendants' failure to make payment "indicates that defendants . . . a dissipating trust assets," and that, absent injunctive relief, "it is likely the trust assets will continue to be dissipated," but

---

[1] Defendant Liotta also told Mr. Macek that the Defendants were not intending to file for bankruptcy.

the affidavit does not state the factual basis from which Mr. Macek draws these conclusions. For example, Mr. Macek does not attest that he is personally aware of actions taken by the Defendants that would constitute the liquidation of trust assets, or that the Defendants have threatened to do so. Rather, it appears that Mr. Macek's opinion is based solely on the fact that the Defendants have not made payment and have ceased operations.

To obtain relief in the form of an *ex parte* temporary restraining order, a plaintiff must show: (i) via affidavit or verified complaint that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition," and (ii) that the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A) & (B). In addition to the rule's requirements, courts have required movants seeking a temporary restraining order to also make the standard showing necessary to obtain injunctive relief, that is: (i) a substantial likelihood that the movant will prevail on the merits; (ii) that the movant will suffer irreparable injury unless the injunction is granted; (iii) that the threatened injury outweighs the potential harm an injunction would cause to the non-moving party; and (iv) that the proposed injunction is not adverse to the public interest. *See e.g. Soskin v. Reinertson*, 260 F.Supp.2d 1055, 1057 (D. Colo. 2003).

Here, even assuming that the Court could find that the Plaintiff has identified a risk of harm that is irreparable, the Court cannot find that the Plaintiff has sufficiently shown that such risk is immediate. The Plaintiff has not articulated any specific facts that demonstrate that the Defendants are presently liquidating trust assets, or that they are likely to do so in the immediate future. Although it is clear that the Defendants have ceased business operations, that fact alone

does not warrant the conclusion that they are presently or imminently liquidating any corporate assets, much less assets that would be subject to the Act's trust. Indeed, there is no indication that the Defendants are currently taking any action whatsoever with regard to its assets. Absent such a showing, the Court cannot find that any irreparable injury that might inure to the Defendant as a result of dissipation of trust assets is imminent.[2]

Accordingly, the Plaintiff's Motion for Temporary Restraining Order **(# 2)** is **DENIED**. The Court will conduct a non-evidentiary hearing at **4:45 p.m.** on **Wednesday, May 28, 2008** for the purpose of addressing the issues underlying the Plaintiff's Motion for Preliminary Injunction **(# 3)** and to set an evidentiary preliminary injunction hearing, if needed. The Plaintiff shall serve a copy of all pleadings in this case, along with a copy of this Order, on all Defendants at or before **1:00 p.m.** on **May 23, 2008**.

Dated this 22d day of May, 2008

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[2] This is not to say that the Defendants have license to dispose of trust assets during the pendency of this litigation. Disposition of assets subject to the Act's trust to anyone other than trust beneficiaries could conceivably result in awards of punitive damages in this action, if available under state law, 7 U.S.C. § 499e(b) (statutory remedies are in addition to remedies available under state law); and could conceivably result in action by the Secretary of Agriculture to revoke the Defendants' broker licenses, 7 U.S.C. § 499d(b).