UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01074-MSK-CBS

COOSEMANS DENVER, INC.,

        Plaintiff,

v.

RED TOMATO SPECIALTY PRODUCE, INC., and
JESSICA LIOTTA,

        Defendants.
_____

**OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**
_____

       **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Default Judgment **(# 27)** against Defendant Red Tomato Specialty Produce, Inc.

       The Plaintiff asserts several claims arising under the arising under the Perishable Agricultural Commodities Act ("the Act"), 7 U.S.C. § 499a *et seq.* The Act provides that, among other things, it is unlawful for a wholesale purchaser of produce to "fail or refuse truly and correctly to account and may full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had." 7 U.S.C. § 499b(4). All agricultural commodities delivered to a buyer and all proceeds derived therefrom are deemed to be held in trust for the benefit of unpaid sellers. 7 U.S.C. § 499e(c)(2). The failure of a buyer to maintain the trust is itself a violation of the Act. 7 U.S.C. § 499b(4).

       The Plaintiff's Complaint **(# 1)** alleges that between August 29, 2007 and May 10, 2008, it made deliveries of $86,205.65 in produce covered by the Act to the Defendants. It alleges that

the Defendants have failed to pay for the produce, and that the Defendants have notified the Plaintiff that they ceased business activities on May 10, 2008. The Complaint asserts 5 claims: (i) failure to pay over trust funds under the Act; (ii) failure to pay for the goods sold; (iii) unlawful disposition of trust assets by Defendant Liotta; (iv) breach of a personal guarantee of Defendant Red Tomato's debts by Defendant Liotta; and (v) a claim for interest and attorney's fees under the Act.

Red Tomato was served with process on May 29, 2008 **(# 13)**. It did not respond to the Complaint or otherwise appear in this matter and on June 27, 2008, the Clerk entered the default **(# 23)** of Red Tomato. *See also Docket* # 24. The Plaintiff now moves **(# 27)** for entry of a default judgment against Red Tomato pursuant to Fed. R. Civ. P. 55(b). Specifically, the Plaintiff seeks: (i) an award of damages in the amount of $ 86,205.85; (ii) prejudgment interest in the amount of $ 3,916.51[1]; and (iii) attorney's fees in the amount of $ 9,531.98, for a total judgment of $99,654.34. The motion is supported by the affidavit of James Macek, President of the Plaintiff, who attests to the value of invoices to Red Tomato that remain unpaid. In addition, the Plaintiff attaches the affidavits of Louis W. Diess and William McCarren, attesting to the attorney's fees incurred by the Plaintiff in this matter. Red Tomato has filed no opposition to the Motion for Default Judgment.

There being no opposition, the Motion for Default Judgment is granted. The Court has reviewed the allegations in the Complaint, and deeming the well-pleaded facts therein to be uncontested, the Court finds that the Plaintiff has proven a violation of the Act as alleged in the

---

[1]That figure reflects 18% annual interest, as stated on the Plaintiff's invoices, calculated to the date of the Plaintiff's Motion for Default Judgment. As explained below, the Court will recalculate that figure as of the date of entry of judgment

first two claims for relief against Red Tomato. Based on Mr. Macek's affidavit, the Court finds that Red Tomato's violations, the Plaintiff has been damaged in the amount of $ 86,205.85. The Court further finds that, as Mr. Macek's affidavit demonstrates, the Plaintiff's invoices provided for 18% annual interest to accrue on unpaid invoices. It appears that Mr. Macek calculated simple interest accruing on the full $ 85,205.85 beginning on or about May 12, 2008, the date of the last invoice. Using that same practice, calculating the total accumulated interest to the date of this Order yields $9,585.63. ($85,205.65 x1.5% monthly interest x 7½ months). Finally, the Court has reviewed the Plaintiff's submissions with regard to attorney's fees. There being no objection by Red Tomato to the reasonableness of the rates charged or the hours incurred, the Court accepts those calculations and awards attorney's fees in the amount of $9,531.98.

Accordingly, the Plaintiff's Motion for Default Judgment (**# 27**) as against Defendant Red Tomato is **GRANTED**. Judgment by default under Rule 55(b) shall enter against Red Tomato in the amount of $ 104,323.46. The remaining proceedings in this case against Defendant Liotta are currently subject to an indefinite stay resulting from Defendant Liotta's ongoing bankruptcy case, and thus, the Court finds that there is no just reason for delaying entry of the judgment against Red Tomato. Judgment shall enter pursuant to Fed. R. Civ. P. 54(b).

Dated this 29th day of January, 2009

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge